1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8

DARIO MARTINEZ-CASTRO,

                    Petitioner,

9
10

          v.

JASON BENNETT,

11
12

                    Respondent.

CASE NO. 2:23-cv-256

ORDER ADOPTING REPORT AND
RECOMMENDATION

13
14
15
16
17
18
19

    The matter comes before the Court on Petitioner Dario Martinez-Castro's
proposed amended § 2254 habeas corpus petition. Dkt. No. 20. The Honorable
Michelle L. Peterson, United States Magistrate Judge, issued a Report and
Recommendation ("R&R") recommending that this Court deny Martinez-Castro's
petition and dismiss his case with prejudice. Dkt. No. 26. Martinez-Castro objected
to the R&R. Dkt. No. 31.

20
21
22
23

    After a de novo review of Martinez-Castro's amended habeas petition, the
R&R, Martinez-Castro's objections, and the relevant record, the Court
OVERRULES Martinez-Castro's objection, ADOPTS the R&R, and DISMISSES
Martinez-Castro's habeas petition for the reasons stated below.

Martinez-Castro was convicted of first-degree murder and is now incarcerated. Dkt. No. 26 at 2. He has unsuccessfully appealed his conviction to the Washington Court of Appeals and the Supreme Court of Washington. *See id.* at 4-6. On April 27, 2023, Martinez-Castro filed a habeas petition with this Court, which was stayed pending resolution of his state court proceedings. *See* Dkt. No. 16. After the stay was lifted on August 18, 2023, Martinez-Castro filed an amended habeas petition raising three issues for this Court. Dkt. Nos. 19-20.

First, Martinez-Castro argues that a detective's retrieval of information from his phone constituted unlawful search and seizure and that evidence obtained from his phone should have been suppressed as fruit of the poisonous tree. Second, he argues that statements he made to police officers were coerced and thus involuntary. Third, he argues that the trial court abused its discretion when it did not consider his youth—18 at the time of the underlying events—as a mitigating factor for sentencing.

The R&R recommends denying Martinez-Castro's habeas petition because he had a full and fair opportunity to litigate his Fourth Amendment claim, he failed to rebut the presumption that his *Miranda* rights waiver was knowing and intelligent, and he failed to demonstrate that state courts *must* consider an individual's youthfulness at sentencing.

A district court must review de novo those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1). "Although a district court is required to review a magistrate judge's decision de novo, it is not required to ignore the magistrate judge's recommendations, nor is it compelled to make

separate findings of fact or issue an opinion setting forth its own reasoning." *Diazleal-Diazleal v. Key*, No. C21-0068-JCC, 2023 WL 3966353, at *1 (W.D. Wash. June 13, 2023) (internal citations and quotation marks omitted).

Martinez-Castro fails to identify an error in Judge Peterson's R&R. First, Martinez-Castro simply reasserts his argument that the trial court applied the wrong standard to his unlawful search and seizure claim. *See* Dkt. No. 31 at 2. Judge Peterson correctly concluded that the relevant inquiry is whether Martinez-Castro was provided a full and fair hearing, not whether the trial court reached the correct conclusion. Dkt. No. 26 at 8-9. Indeed, Martinez-Castro does not articulate a different standard that should have been applied. *See* Dkt. No. 31.

Second, Martinez-Castro rehashes his *Miranda* violation argument, citing his response to the State's motion to dismiss. Dkt. No. 31 at 2-3. Again, this is not a new argument and provides no grounds to disturb Judge Peterson's finding that the state courts' determination that Martinez-Castro's testimony was not coerced was reasonable.

Third, Martinez-Castro's objection that "[c]ase law relied upon in denying Petitioner's relief was contrary to clearly established federal law" is not well taken. Dkt. No. 31 at 4. Martinez-Castro argues that he presented the state court with a federal constitutional issue when he relied on *State v. O'Dell*, 358 P.3d 359 (Wash. 2015), and its underlying reasoning. Dkt. No. 31 at 4. Relying on *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Roper v. Simmons*, 543 U.S. 551, (2005), Martinez-Castro argues the state court was required to consider his youthfulness as a mitigating factor during sentencing. And

he appears to argue that Judge Peterson's R&R refusing to recognize such a duty conflicted with the Supremacy Clause. *Id.*

Martinez-Castro is wrong about this. As Judge Peterson's well-reasoned R&R explained, the Supreme Court in *Graham* and *Miller* prohibited life sentences without parole for juvenile defendants and mandatory life sentences without consideration of mitigating factors, respectively. Likewise, in *Roper*, the Supreme Court considered the death penalty for juveniles. 543 U.S. 551; Dkt. No. 25 at 8. In none of these cases did the Supreme Court create a rule requiring state courts to consider youthfulness as a mitigating factor when sentencing an *adult*. Martinez-Cortez likewise fails to point to federal precedent requiring state courts to do so.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (citations omitted). Judge Peterson previously granted Martinez-Cortez leave to amend, so under these circumstances, the Court is not inclined to give him another bite at the apple. Dismissal is therefore with prejudice. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)).

For these reasons, the Court ORDERS:

1. Martinez-Cortez's objection to the R&R is OVERRULED. Dkt. No. 31.

2. The Court ADOPTS the R&R. Dkt. No. 26.

3. Martinez-Cortez's amended habeas petition is DENIED, and this action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED as to all claims.

5. The Clerk is directed to send copies of this Order to Martinez-Cortez and to the Hon. Michelle L. Peterson.

Dated this 17th day of July, 2024.

Jamal N. Whitehead
United States District Judge